**IN THE UNITED STATES DISTRICT COURT FOR**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-11-109-M |
| | ) |
| FARIDEH HEIDARPOUR, | ) |
| a/k/a Faraday Heidarpour, | ) |
| a/k/a Faraday Pour; | ) |
| ALI HEIDARPOUR; and | ) |
| A.B.C. BILLING, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants' Motion to Dismiss Superseding Indictment with Brief in Support, filed June 21, 2012. Government's Response was filed on July 2, 2012. This case is set on the Court's August, 2012 trial docket. Based upon the parties' submissions, the Court makes its determination.

I.     Introduction

On March 30, 2011, the federal grand jury sitting in the Western District of Oklahoma returned an Indictment against defendants Farideh Heidarpour, a/k/a Faraday Heidarpour, a/k/a Faraday Pour; Ali Heidarpour; and A.B.C. Billing, Inc., charging conspiracy to commit health care fraud in violation of 18 U.S.C. § 371. Farideh Heidarpour and A.B.C. Billing, Inc. were also charged with separate counts of executing a scheme or artifice to defraud a health care benefit program in violation of 18 U.S.C. § 1347, and Farideh Heidarpour was charged in two money laundering counts in violation of 18 U.S.C. § 1957. The Indictment also alleges criminal forfeiture under 18 U.S.C. § 982(a)(7).

On May 1, 2012, a grand jury returned a nine-count superseding indictment against the defendants Farideh Heidarpour, Ali Heidarpour and A.B.C. Billing, Inc. ("defendants") which eliminated one count of health care fraud from the original indictment and added one overt act to the superseding indictment.

II.    Discussion

On June 21, 2012, defendants filed a motion to dismiss the superseding indictment claiming: (1) improper use of the grand jury for the purpose of strengthening the government's case and depriving defendants of meritorious defenses; (2) Counts 3-5 are duplicitous; and (3) Counts 4, 6 and 7 fail to state a claim against defendant A.B.C. Billing Inc.

Count 1 of the thirty-three (33) page superseding indictment charges defendants with conspiracy to commit health care fraud; Count 2 charges defendant Farideh Heidarpour with analysis of data stored on computer; Count 3 charges defendants Farideh Heidarpour and A.B.C. Billling, Inc. with submitting and causing to be submitted false special reports; Count 4 charges Farideh Heidarpour and A.B.C. Billing, Inc. with submitting and causing to be submitted fraudulent functional capacity evaluations; Count 5 charges Farideh Heidarpour with submitting and causing to be submitted fraudulent billing claims; Count 6 charges Farideh Heidarpour and A.B.C. Billing, Inc. with prolonged evaluation and management services; Count 7 charges Faraday Heidarpour and A.B.C. Billing Inc. with duplicate billing for therapeutic exercises and activities, and Counts 8 and 9 charge Farideh Heidarpour with money laundering.

A.    Misuse of Grand Jury Process

In this case the government has charged defendants with submission of fraudulent medical billing claims on behalf of United States Postal Services (USPS) employees who suffered job related injuries and were eligible for federal workers' compensation benefits.  Initially, the government alleged defendants fraudulently billed Department of Labor, Office of Workers' Compensation Programs ("DOL-OWCP") for functional capacity evaluation using the RE100 code among others.  The government removed the RE100 code claim allegation from the superseding indictment.  Defendants contend the government's removal of a substantive count of health care fraud involving duplicate billing of functional capacity evaluations and the allegations concerning use of the RE100 billing code amounts to a misuse of the grand jury process. Specifically, defendants contend the government's  removal of the RE100 code claim was done primarily to

improve the government's case on the original indictment.   Defendants also contend the government's lengthy investigation failed to disclose defendants' refund of payments received using the RE100 code and that the removal of the RE100 code claim in the superseding indictment  eliminates defendants' good faith defense.   Defendants contend removal of the RE100 code claim from the superseding indictment warrants dismissal of the superseding indictment or, in the alternative, striking of an overt act added to the superseding indictment.

The government contends the removal of the RE100 code claim from the superseding indictment is not a misuse of the grand jury process.   The government argues it has broad discretion in determining who to prosecute and on what charges to bring and that defendants have failed to produce any evidence of a misuse of the grand jury process.   *Wayte v. United States*, 470 U.S. 598, 607-08 (1985).   The government contends it only recently obtained new evidence that the Advanced Clinics, through defendant Farideh Heidarpour, had refunded payments from DOL-OWCP for claims submitted under the RE100 code and thus the allegations regarding RE100 were removed.    The government also contends  defendants can show no prejudice. Specifically, the government contends defendants fail to address how the alleged elimination of the RE100 code good faith defense has any relevancy as to the other offenses charged in the superseding indictment. The government contends defendants have not been prejudiced by the bringing of the superseding indictment but rather have one less charge to defend.

Having carefully reviewed the parties' submissions, the Court finds that the government did not improperly obtain the superseding indictment in this case.   The removal of a substantive charge based upon claims submitted under the  RE100 medical claim code is within the discretion of the government and does not prejudice defendants in this case.   *United States v. Jenkins*, 904 F.2d 549, 559 (10th Cir. 1990).

B.     Counts 3-5 of the Superseding Indictment

Defendants assert Counts 3, 4 and 5 of the superseding indictment are duplicitous and that the government was required to charge each separate execution of the scheme to defraud as a separate count of

the indictment.  Defendants contend Count 3 - "Special Reports" of the superseding indictment contains three specific instances of claim submissions occurring on May 8, 2006, March 21, 2007 and July 12, 2008, Count 4 - "Functional Capacity Evaluation" of the superseding indictment contains three specific instances of claim submissions occurring on May 29, 2007, April 16, 2008 and August 1, 2008, and Count 5 - "Supplies" of the superseding indictment also contains three specific instances of claim submissions occurring on January 2, 3 and 4, 2007.  Defendants contend the above amounts to impermissible duplicity creating the potential for juror confusion and non-unanimity in a verdict and that Counts 3-5 of the superseding indictment should therefore be dismissed.

The government contends an indictment is duplicitous if it charges a defendant with multiple offenses in the same count.  *United States v. Washington*, 653 F.3d 1251, 1262 (10th Cir. 2011).  The government contends the charges it files in this health care fraud case is within its discretion and that each claim submission does not have to be charged separately.  The government contends the superseding indictment fairly interprets the continuing course of conduct committed by defendants during a specified period of time and that defendants are not prejudiced by the inclusion of several executions of the scheme as charged in one count of the superseding indictment.  The government further contends the detail in which the scheme to defraud the DOL-OWCP was set out in the superseding indictment adequately notified defendants of the charges against them enabling defendants to address any double jeopardy issues. *Washington*, 653 F.3d at 1262.  Finally, the government contends any issues regarding unanimity and juror confusion can be remedied by jury instructions that require the jury to unanimously decide the specific acts of defendants which form the basis of their convictions.  *See United States v. Weller*, 238 F.3d 1215, 1220 (10th Cir. 2001).  In light of the above the Court finds that defendants have been adequately notified of the charges against them, and that the superseding indictment did not charge defendants with more than one offense under the same count therefore, the Court finds Counts 3-5 of superseding indictment are not duplicitous.

C.        Superseding Indictment Charges Against Defendant A.B.C. Billing, Inc.

Defendants also contend Counts 4, 6 and 7 of the superseding indictment should be dismissed as to defendant A.B.C. Billing, Inc.  Defendant A.B.C. Billing, Inc. is the company used by defendant Farideh Heidarpour to submit medical claims on behalf of Advanced Clinics.  Defendants contend charges against defendant A.B.C. Billing, Inc. in Counts 4, 6, and 7 should be dismissed because Counts 4, 6, and 7 do not provide distinct examples of A.B.C. Billing, Inc. submitting a fraudulent claim.  The government contends the superseding indictment not only sets out in specific detail the relationship between A.B.C. Billling, Inc. and defendant Farideh Heidarpour but also the fact that both defendants prepared and submitted all medical billing in this scheme.  The government contends defendants A.B.C. Billing, Inc. and  Farideh  Heidarpour prepared and submitted all medical billing in this case during the conspiracy and were paid over $3.4 million for billing services.  Finally, the government contends even though the superseding indictment does not provide a distinct example of A.B.C. Billing, Inc. submitting a medical claim, there are sufficient facts plead to charge A.B.C. Billing Inc. in Counts 4, 6 and 7.  Because the superseding indictment sets out in specific detail A.B.C. Billing Inc.'s involvement in the offenses charged in this case, the Court finds that any lack of specific examples of claims submitted by A.B.C. Billing, Inc. in Counts 4, 6 and 7 of the superseding indictment does not warrant dismissal of Counts 4, 6 and 7 as to defendant A.B.C. Billing, Inc.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Defendants' Motion to Dismiss Superseding Indictment [docket no. 90].

**IT IS SO ORDERED this 13th day of July, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

6